UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. M-11-1384 |
| | § | |
| JULIO CESAR BERNAL | § | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Julio Cesar Bernal's "Motion for Leave to File Late Appeal, Appointment of Counsel." (Docket No. 39.)  He also requests to proceed in forma pauperis on appeal.  Defendant did not file a timely notice of appeal, and he seeks leave to file an out of time appeal principally on the ground that he has not spoken to his attorney and has thus been without the assistance of counsel.  As explained below, because Defendant waited too long to request leave to file an out of time appeal, the District Court lacks authority to grant such a request.  Accordingly, it is recommended that Defendant's motion for leave to file an out of time appeal be denied. Defendant' request to proceed in forma pauperis and for appointment of counsel will be granted by separate order.

## BACKGROUND

Defendant was indicted on charges of conspiracy to possess and possession with the intent to distribute about 152 kilograms of marijuana. (Docket No. 13.)  Defendant initially requested a court appointed attorney, and the Federal Public Defender was appointed to represent him. (Docket No. 4.)  Defendant later retained Richard H. Garcia and moved to substitute him as counsel in place of the Federal Public Defender. (Docket No. 8.)  On October 28, 2011, Defendant pleaded guilty to Count Two of the Indictment

pursuant to a plea agreement.   The District Court sentenced Defendant to sixty (60) months imprisonment on March 19, 2012.  Two days later, on March 21, 2012, the Court signed the judgment in Defendant's case, which was docketed on March 23.  (Docket No. 34.)

In a letter apparently sent to the District Court about a week after he was sentenced, Defendant complained that Mr. Garcia had done a "terrible job" in representing him.  (Docket No. 38.)  About two months later, on June 6, 2012, Defendant wrote to the Clerk requesting copies of the docket sheet and certain other papers relating to his case.  (Docket No. 37.)  Almost four months after the judgment was entered, on July 17, 2012, Defendant signed and submitted the pending motion for leave to file a late appeal.  (Docket No. 39.)

## DISCUSSION

Pursuant to Rule of Appellate Procedure 4(b)(1)(A), in a criminal case "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment."  Rule 4(b)(6) further explains that a judgment is entered for the purpose of the rule on the date when it is entered on the criminal docket.  In computing the fourteen-day period for filing a notice of appeal, intervening weekends and holidays are counted.  *See* FED. R. APP. 26(a)(1).

Here, the judgment was entered on the docket on March 23, 2012.  The fourteen-day period expired on April 6, 2012.  Accordingly, Defendant's motion requesting leave to file a late appeal—filed on July 17, 2012—was untimely.

Rule 4(b) permits a district court to extend the time to file a notice of appeal for up to 30 days after the expiration of the initial ten-day period upon a showing of

excusable neglect or good cause. *See* FED. R. APP. P. 4(b)(4). To qualify for such relief, a party must file a motion for extension of time to file a notice of appeal (or some other document evidencing an intent to appeal) within the 30-day period after the initial ten-day period. *See United States v. Adams*, 106 F.3d 646, 647 (5th Cir. 1997). Otherwise, the court is without authority to extend the time to file a notice of appeal. *See* FED. R. APP. P. 4(b)(4); *see also Adams*, 106 F.3d at 647 ("in no case may a district court extend the time more than thirty days after the expiration of the ten day period").

Here, the additional 30-day period expired on May 7, 2012. Defendant's initial letter to the Court (sent about a week after the sentencing hearing) cannot be construed as either a notice of appeal or a request to extend the time to file an appeal. (Docket No. 38.) In the letter, Defendant complains about his attorney's performance, primarily counsel's alleged failure to spend more time on Defendant's case and to investigate whether Defendant has derivative citizenship. But Defendant did not say anything to suggest that he wanted to appeal. In fact, the word "appeal" does not appear in the letter. Defendant's pending motion requesting leave to appeal was filed on July 17, 2012, which was over two months too late. As such, the District Court lacks authority under Rule 4(b)(4) to grant Defendant's request to allow an out of time appeal.

While Defendant's notice of appeal was filed outside the mandatory time limits under Rule 4 (as discussed above), those time limits are not "jurisdictional." *See United States v. Plascencia*, 537 F.3d 385, 389 n.14 (5th Cir. 2008). Appellate counsel may be able to assist Defendant in attempting to pursue a direct appeal.[1] Ultimately, the

---

[1] To the extent that Defendant wishes to challenge his attorney's allegedly poor representation, it should be noted that claims of ineffective assistance of counsel are generally more appropriate for a 28 U.S.C. § 2255 proceeding, rather than a direct appeal.

timeliness of a notice of appeal "is with the purview of [the appellate court], not the district court." *United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009) (holding that the district court "was not permitted" to extend the time to file a notice of appeal more than 30 days from the expiration of the initial deadline).  Because Defendant was previously found to qualify for appointed counsel (*see* Docket Nos. 3, 4), his request to proceed in forma pauperis and for appointment of counsel will be granted by separate order.  *See* FED.R.APP.P. 24(a)(3).

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's "Motion for Leave to File Late Appeal, Appointment of Counsel" (Docket No. 39) be DENIED.  Defendant's request to proceed in forma pauperis and for appointment of counsel will be granted by separate order.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Defendant and counsel for the Government, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b). Failure to file timely written objections shall bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

---

*See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir.2006).  A  § 2255 action must be brought within one year of the date on which a defendant's judgment of conviction became final.  28 U.S.C. § 2255(f).

DONE at McAllen, Texas on November 12, 2012.

Peter E. Ormsby
United States Magistrate Judge